**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **CANDACE SEARCY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:23-cv-00647-O-BP** |
| | § | |
| **CROWLEY INDEPENDENT SCHOOL** | § | |
| **DISTRICT,** | § | |
| | § | |
| **Defendant.** | § | |

<u>**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**</u>

Before the Court are the Complaint (ECF No. 1) and Answers to the Court's Questionnaire

(ECF Nos. 17-19), filed by Plaintiff Candace Searcy ("Searcy"), proceeding pro se and in forma

pauperis. After considering the pleadings and applicable legal authorities, the undersigned

**RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** this case **without**

**prejudice** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I.       BACKGROUND**

Crowley Independent School District ("CISD") employed Searcy, an African American,

during the 2022-2023 school year, but reassigned her and then placed her on administrative leave.

ECF No. 1 at 3, 4, 15. Searcy alleges that the Superintendent and other CISD employees breached

her employment contract when they refused to pay her for extra days worked, embezzled money

from her by not paying her additional stipends for completing certain programs, and harassed and

retaliated against her for reporting these issues. *Id.* at 2-5. She further alleges that the

embezzlement and breach only happened to the black and Hispanic teachers. *Id.* at 2-4. After she

reported these issues to the CISD Human Resources Department, she claims that she was

reassigned to an alternative school, at which she was not certified to teach, and then was placed on paid administrative leave. *Id.* at 4. She filed a grievance with CISD in March 2023. *Id.*

At some time after she filed that grievance, Searcy filed a Charge of Discrimination with the Texas Workforce Commission ("TWC"). ECF No. 17 at 2. TWC has not completed its investigation and has not yet issued Searcy a right-to-sue letter. *Id.* Searcy filed suit in this Court on June 26, 2023. ECF No. 1. By Order dated July 18, 2023, the Court granted Searcy's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 6), subject to judicial screening under 28 U.S.C. § 1915. ECF No. 13. To better understand Searcy's allegations, the Court ordered her to answer a Questionnaire concerning her civil rights claims. ECF No. 14. Searcy answered the Questionnaire on July 22. ECF Nos. 17-19.

## II.    LEGAL STANDARD

The Equal Employment Opportunity Commission ("EEOC") enforces employment discrimination claims brought under Title VII. *See* 42 U.S.C. § 12117(a). Before a plaintiff can sue in federal court for violations of Title VII, "[s]he must first file a timely charge with the EEOC, or with a state or local agency with authority to grant or seek relief from the alleged unlawful employment practice." *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788 (5th Cir. 1996); *See also McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 273 (5th Cir. 2008) (applying the requirement to Title VII claims). "The analogous state-law employment actions also require exhaustion with the [TWC]." *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007)); *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 804 (Tex. 2010).

Plaintiffs satisfy the exhaustion requirement by filing a charge and receiving a "right-to-sue" letter from the EEOC or relevant state or local agency. *Dao*, 96 F.3d at 789 (discussing *Nilsen v. City of Moss Point, Miss.*, 621 F.2d 117, 120 (5th Cir. 1980)). Any resulting lawsuit is limited

to the scope of the EEOC's investigation, reasonably expected to flow from the charge, and filed within a statutory timeframe. *Id.*; *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 465-66 (5th Cir. 1970). Although the resulting suit can involve any kind of discrimination related to the charge's allegations, the charge must be sufficient to put the employer on notice of the plaintiff's allegations. *See Pacheco v. Mineta*, 448 F.3d 783, 789 (5th Cir. 2006).

Plaintiffs fail to exhaust their administrative remedies by either foregoing the above process or asserting claims beyond the scope of the charge and right-to-sue letter. *Dao*, 96 F.3d at 789. The requirement to file the lawsuit within the ninety-day limitation period is strictly construed. *Espinoza v. Missouri Pacific R.R. Co.*, 754 F.2d 1247, 1249 (5th Cir.1985). Courts in this circuit have repeatedly dismissed cases in which the plaintiff did not file a complaint until after the ninety-day limitation period had expired. *See e.g., Butler v. Orleans Parish School Board*, No. Civ. A. 00–0845, 2001 WL 1135616 (E.D. La. 2001). While not jurisdictional, this requirement "is a precondition to filing suit in district court." *Cruce v. Brazosport Indep. Sch. Dist.*, 703 F.2d 862, 863-64 (5th Cir. 1983). Thus, complaints asserting unexhausted claims should be dismissed for failure to state a claim under Rule 12(b)(6). *Id.*; *Dao*, 96 F.3d at 788.

## III.   ANALYSIS

### A.   Searcy has not yet exhausted administrative remedies for her Title VII and Chapter 21 claims.

In her complaint, Searcy alleged experiencing discrimination and retaliation while working at CISD. *See* ECF No. 1 at 2-4 and 17 at 2-3. Liberally construed, such claims fall under the purview of Title VII and its state counterpart, Chapter 21, of the Texas Labor Code. *See Harvey v. Blake*, 913 F.2d 226, 227 (5th Cir. 1990); *Ackel v. National Comms. Inc.*, 339 F.3d 376, 385 (5th Cir. 2003). Under those statutes, Searcy must exhaust her available administrative remedies "before seeking judicial relief." *McClain*, 519 F.3d at 273 (citing *Pacheco*, 448 F.3d at 788). She

3

exhausts her remedies by filing a "timely charge with the EEOC" or TWC and receiving a "statutory notice of right to sue." *Taylor v. Books A Million*, 296 F.3d 376, 379 (5th Cir. 2002) (citing *Dao*, 96 F.3d at 788-89); *see generally McClain*, 519 F.3d at 273 (citations omitted) ("Private sector employees must satisfy [their exhaustion] requirement by filing an administrative charge with the EEOC."). Searcy states that she has not received her right-to-sue letter because the TWC "has been extremely slow" and that "they usually wait until the time expires to have a hearing." ECF No. 17 at 2. These allegations alone do not satisfy the legal requirement. If the pleadings do not indicate exhaustion, the Court must assume that Searcy has not exhausted her available administrative remedies. *See Cruce*, 703 F.2d at 863.

Because Searcy apparently has not yet received a right-to-sue letter, nor pleaded that she is entitled to receive that letter, she has not yet exhausted her administrative remedies. *See Shabazz v. Tex. Youth Comm'n*, 300 F. Supp. 2d 467, 471 (N.D. Tex. 2003) (dismissing pro se plaintiff's discrimination claims because "[e]ven if Plaintiff were able to prove all the facts alleged in the Complaint, they do not show that Plaintiff received a right-to-sue letter from the EEOC"). Even meritorious claims cannot proceed if the pleadings do not establish exhaustion. *Id.*

Administrative exhaustion is not a technicality or procedural "gotcha," but rather an integral due process protection that affords defendants like CISD fair notice of potential claims. *McClain*, 519 F.3d at 272. A plaintiff's pro se status does not alter the analysis or otherwise turn this requirement into a suggestion. *Cruce*, 703 F.2d at 863; *Taylor*, 296 F.3d at 378-79; *see Taylor v. U.S. Treasury Dep't*, 127 F.3d 470, 478 (5th Cir. 1997). Dismissals for failure to exhaust administrative remedies should be without prejudice. When a district court dismisses a claim under Rule 12(b)(6) for failure to exhaust administrative remedies, "the dismissal is without prejudice to the claimant's right to return to court after it has exhausted its administrative remedies." *Martin K.*

*Eby Const. Co., Inc. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 n.5 (5th Cir. 2004) (citing *Taylor,* 127 F.3d at 478). Accordingly, Judge O'Connor should dismiss Searcy's Title VII and Chapter 21 claims without prejudice.

### B.   The Court should decline to exercise supplemental jurisdiction over Searcy's embezzlement and breach of contract claims.

Searcy alleges vague allegations of embezzlement and breach of contract, based on the same set of facts underlying her Title VII claims. ECF Nos. 1 at 1, 17 at 3. Although the Court has federal question jurisdiction over her discrimination and retaliation claims under Title VII, the Court has only supplemental jurisdiction over her remaining claims because the parties are not of diverse citizenship and no other ground of subject matter jurisdiction exists on the facts alleged. *Pennie v. Obama*, 255 F. Supp. 3d 648, 677 n.5 (N.D. Tex. 2017). Searcy's embezzlement and breach of contract claims do not raise any issue of federal law. Accordingly, the Court should decline to exercise supplemental jurisdiction over these claims and dismiss them without prejudice to Searcy's right to pursue the relief requested in state court should she choose to do so.

## IV.   CONCLUSION

Searcy cannot show that she has exhausted her administrative remedies for her discrimination and retaliation claims, and the Court should decline to exercise supplemental jurisdiction over her claims for embezzlement and breach of contract. For these reasons, the undersigned **RECOMMENDS** that Judge O'Connor **DISMISS WITHOUT PREJUDICE** Searcy's Title VII and Chapter 21 claims for failure to exhaust her administrative remedies and her state law embezzlement and breach of contract claims because the Court should decline to exercise supplemental jurisdiction over those claims.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions,

and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on July 25, 2023.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE